**HONORABLE RICHARD J. LEON, UNITED STATES DISTRICT JUDGE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>05-201-02</u> |
| vs. | : | SSN: _____ |
| WILSON, Diane | : | Disclosure Date: <u>January 6, 2006</u> |

**FILED**
FEB 10 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

**For the Government**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____                    _____
**Prosecuting Attorney**                                              **Date**

**For the Defendant**

(CHECK APPROPRIATE BOX)

( ) There are no material/factual inaccuracies therein.

(X) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_Diane Wilson_ 1-18-06                              _Teresa Kleiman_ 1-18-06
**Defendant**           **Date**                          **Defense Counsel**      **Date**

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32.2, those executing this form shall first submit any material inaccuracies or disputes in writing by **January 20, 2006**, to U.S. Probation Officer **Valencia Fletcher**, telephone number **(202) 565-1365**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

**FOR THE COURT**

By:   Richard A. Houck, Jr., Chief
      United States Probation Officer

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA     :
                             :  Crim. No. CR-05-201-02 (RJL)
           v.                :  Sentencing: February 10, 2006
                             :
DIANE T. WILSON              :

## MATERIAL AND FACTUAL INACCURACIES IN PRESENTENCE INVESTIGATION REPORT

Ms. Wilson, through undersigned counsel, submits the following regarding the Presentence Investigation Report (PIR) in the above-captioned matter:

1. Regarding "aliases", Ms. Wilson's maiden name is Diane Teresa Wilson. Her married name was Diane Teresa Burley. After her divorce from Melvin Burley, she resumed her maiden name.

2. Regarding #1 in the PIR, the codefendant, Alfred D. Chambers, was charged by indictment with: count 1 - unlawful distribution of cocaine base, count 2 - unlawful possession with intent to distribute 5 grams or more of cocaine base, count 3 - unlawful possession with intent to distribute 5 grams or more of cocaine base, count 7 - unlawful possession with intent to distribute 50 grams or more of cocaine base, count 8 - unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for

a term exceeding one year, and count 9 - using, carrying and possessing a firearm during a drug trafficking offense. Mr. Chambers was not charged with any simple possession charges (counts 4, 5, and 6).

3. Regarding #6 in the PIR, as an update, subsequent to a voluntary and self-initiated detoxification at the Psychiatric Institute of Washington on December 27, 2005, Ms. Wilson has submitted consecutive negative urinalysis on 1/3/06, 1/05/06 and 1/13/06, and is in compliance with her conditions of release and treatment in Pretrial Services Specialized Supervision Unit.

4. Regarding #15 in the PIR, Ms. Wilson should receive a two (2) level adjustment for her role in the offense as she was a minor participant. Ms. Wilson is substantially less culpable because she suffers from a long-term addiction, had been in a significant period of recovery, and then relapsed prior to her arrest. Her conduct in the offense was directly related to her relapse. Her role in the offense, viewed by an undercover police officer on the scene who was monitoring the seller, was that of an addict who purchased a small amount of drugs for her own personal use from an individual who was engaged in drug trafficking offenses and firearm offenses. Thus, her offense involved another participant as required by 3B1.2. However, she did not know the seller, she had not purchased drugs from him on

any prior occasion nor does she recall ever seeing him before that day.  She entered the area alone by car, made her drug purchase from the seller without leaving the car, and immediately left the area alone by car.  She committed no drug trafficking offense nor did she commit any firearm offense.  Because her role consisted of purchasing a small amount of drugs for her addiction, and her conduct consisted of simple possession, she is only culpable as a minor participant.  Therefore, pursuant to 3B1.2(b), an additional two (2) level reduction is appropriate for a total offense level of 4.

    5.  Regarding #25 in the PIR, Ms. Wilson indicates that she successfully completed the 18 months unsupervised probation.

    6.  Regarding #27 in the PIR, Ms. Wilson recalls that the offense was committed in New York, she was arrested in Temple Hills, Maryland, and she was returned to New York where she received 3 years probation.  However, the original arrest warrant in the case remained in the system.  While on probation, Ms. Wilson was stopped for a traffic offense.  During the pendency of the traffic matter, the original arrest warrant in the case came up in the system and she was subsequently rearrested on that warrant at her mother's home.  By the time the traffic matter was <u>nolle prosequi</u> and

the arrest warrant was eventually cleared from the system, she had completed an extended period of probation. However, Ms. Wilson does not recall violating the terms of her probation in this case as she recalls being in compliance and attending the University of the District of Columbia.

7. Regarding #37 in the PIR, Ms. Wilson's indicates that her mother is 75 years old as she was born on October 9, 1930.

8. Regarding #42 in the PIR, Ms. Wilson indicates that in May of 2005, after her arrest in this case, she sought the professional assistance of a psychiatrist, Dr. Rinaldo Ruiz, through the Cheverly Health Center, 3003 Hospital Drive, Cheverly, Maryland 20785. Since that time she continues to see Dr. Ruiz on a regular basis as he has prescribed psychiatric medication for her and she is currently taking the medication. Ms. Wilson provided a letter to me from Dr. Ruiz confirming her participation in psychiatric care.

9. Regarding #50 in the PIR, Ms. Wilson indicates that she received the permission of her supervisor to leave work for treatment of her asthma as she had forgotten to bring her inhaler to work. The next day, the employment agency which had placed her, National Resources Incorporated (NRI), told her not to report for work and she was terminated.

10. Regarding #54 in the PIR, Ms. Wilson's current income is approximately $1,200.00.

11. Regarding #57 and #62 in the PIR, the plea agreement by the parties provides for an additional two (2) level reduction for Ms. Wilson as a minor participant in the criminal activity. See #4 herein.

Respectfully submitted,

*Teresa G. Kleiman*
Teresa G. Kleiman   #445497
Counsel for Diane Wilson

419 Seventh Street, NW
Suite 201
Washington, D.C.  20004
(202) 638-6514

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing were faxed and filed with Valencia Fletcher, United States Probation Officer, United States Probation Office, and faxed and mailed to Assistant United States Attorney Alex Shaw, Office of the United States Attorney, 555 4th Street, N.W., Washington, D.C., 20530, on this 19 day of January, 2006.

5